954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lisa Marie STOJANOWSKI, Plaintiff-Appellant.
v.
The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON
COUNTY, Defendant-Appellee.
Robert Kirchner; Norman Robinson; Richard Briggance;
Emmett Turner; Phillip Sutton; Richard
Hillenbrand, Defendants.
 No. 91-5138.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Lisa Stojanowski, appeals the district court's judgment in favor of the defendant-appellee, the Metropolitan Government of Nashville and Davidson County ("Metro"). Stojanowski brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (1988), claiming that Metro's termination of her employment constituted disparate treatment on the basis of her sex. This appeal raises two issues: (1) whether the district court erred in holding that Stojanowski was not a victim of disparate treatment at the hands of Metro; and (2) whether the district court erred in considering evidence which was not in the record of the administrative proceedings. We affirm the district court on both issues.
 
 
 2
 * Lisa Stojanowski trained at the Metropolitan Police Training Academy ("Academy") in Nashville, Tennessee for six months, beginning January 3, 1986. Upon graduating from the academy, she was employed by Metro as an officer with the Metropolitan Police Department ("Department"). The first few months of her employment were probationary, after which time she was awarded Civil Service status. Over a year later, on August 18, 1988, Stojanowski was terminated for on- and off-duty drug use, both of which violate Department regulations.
 
 
 3
 In July and August of 1988, three male officers were also discharged for drug use. Stojanowski and two of the male officers, Jimmie Holt Wise and Larry Flair, admitted to the prohibited use, while the other, Harold Woods, denied the charge. These officers all appealed their terminations to the Civil Service Commission of the Metropolitan Government ("Commission"). The Commission chose to reinstate Wise and Flair, but upheld Stojanowski's and Woods' terminations.
 
 
 4
 In considering the officers' appeals, the Commission took into account certain mitigating factors, including the type of drug used, whether use was on duty or off duty, the frequency of use, and how long it had been since drugs had been used. The Commission also considered the officers' disciplinary records. In the cases of Flair and Wise, the Commission found that the officers had used marijuana only once or twice, only while off duty, and that this use had occurred between five and ten years prior to their terminations. They had otherwise unblemished records. By contrast, Woods' use of marijuana and psilocybin mushrooms had been both recent and recurring, both on and off duty. Woods had been disciplined on eight previous occasions.
 
 
 5
 Stojanowski admitted to using cocaine on two occasions while off duty, and to drinking alcoholic beverages several times while on duty. Her use of these drugs occurred not long before she was terminated. Stojanowski's disciplinary record contained only one prior disciplinary action. While it is undisputed that these factors were duly considered by the Commission in reviewing her appeal, Stojanowski offered an additional factor, which she alleges that the Commission did not consider.
 
 
 6
 Stojanowski claimed that throughout her training and probationary periods she was subject to sexual harassment by some of her superior officers. While she did not claim that any of these officers threatened her, she claimed that the environment at the Academy and within the Department throughout her probationary period made her feel as though sexual submission to the officers was necessary for her to achieve her goal of becoming a police officer. During her probationary period, before she gained Civil Service status, her superior officers had the power to end her career, and she believed that to reject their advances would be fatal to her chances of becoming an officer. Stojanowski claimed that she was coerced in this same manner into using the cocaine and alcohol by one of the officers who had been sexually harassing her. Simply put, she asked the Commission to consider as a mitigating factor that her use of drugs was involuntary.
 
 
 7
 The Commission claims that it did consider her claim of coercion because it was raised during the review. The Commission, however, relying on the opinion of Commission Chairman F. Clay Bailey, almost immediately dismissed the claim as without merit. According to Bailey, the Commission routinely relies without discussion on the opinion of the Chairman in such appeals, unless another Commissioner voices disagreement. Because no one disagreed with Bailey, his recommendation to dismiss Stojanowski's coercion factor as meritless and to uphold her termination was adopted.
 
 
 8
 Stojanowski filed a complaint on August 10, 1989 against the Metropolitan Government of Nashville and Davidson County claiming disparate treatment of her termination appeal on the basis of sex. Her complaint also contained charges of sexual harassment against the Chief of Police and six other of Stojanowski's superior officers; however, these charges were all dismissed. The district court ruled that the Commission, and thus Metro, did consider the mitigating defense which Stojanowski offered and, therefore, did not engage in disparate treatment. This appeal followed.
 
 II
 
 9
 We begin with the question whether the district court erred in considering evidence which was not in the record of the administrative proceedings. Specifically, Stojanowski contends that the district court should not have considered testimony from the Commission's chairperson in deciding the case. Appellate review of a trial court's ruling on the admission of evidence is based on an abuse of discretion standard. Schrand v. Federal Pacific Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988).
 
 
 10
 The ground for Stojanowski's contention is that the district court was merely reviewing the administrative decision of the Commission and was therefore confined to the record of the administrative proceeding in making its decision. While she is correct as a matter of law that an appellate court reviewing an administrative decision may not look outside the administrative record in making its decision, we believe that Stojanowski has mischaracterized the case. Stojanowski's suit in the district court was not an appeal of the Commission's decision, but rather was a Title VII action against the Commission itself. Therefore, the case Stojanowski cites, Oman Construction Co. v. Tennessee Valley Authority, 486 F.Supp. 375 (M.D.Tenn.1979), is inapplicable to her case. The district court had no such restraint on its discretion to admit and consider the Chairman's testimony and did not err in so doing.
 
 III
 
 11
 The next issue is whether the district court erred in deciding that Stojanowski was not a victim of disparate treatment by Metro. We review issues of Title VII discriminatory intent under a "clearly erroneous" standard. Pullman-Standard v. Swint, 456 U.S. 273, 287-88 (1982). In such cases, the plaintiff has the burden of proving a prima facie case of discrimination--that the acts of the defendant, ' "if otherwise unexplained, [were] more likely than not based on the consideration of impermissible factors.' " Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981) (quoting Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978). The Supreme Court cautions that, even when employees have engaged in illegal conduct, they may not be disciplined differently on the basis of a factor such as sex. Cf. McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283 (1976).
 
 
 12
 Stojanowski contends that the Commission did not treat her appeal like those of the two male officers who were reinstated. The district court, however, found that the Commission gave its routine attention to each of the appeals, based on the testimony of the Commission's chairperson. It considered the same mitigating factors in each case, such as the type of drug, the frequency of its use, and the previous disciplinary record of the officer. Stojanowski used alcohol and cocaine, the latter being a drug that might well have been considered more serious than marijuana, the drug used by the other officers. She had used drugs on duty several times, had used drugs fairly recently, and had been disciplined on a prior occasion for an unrelated altercation. On the other hand, Officers Wise and Flair had only used marijuana once or twice, while off duty, over five years prior to their terminations, and had no other disciplinary problems. Stojanowski's record more closely resembled that of Officer Woods, the other officer who was terminated, than those of Wise and Flair. Therefore, the district court held that the Commission had "a legitimate, non-discriminatory reason" for upholding Stojanowski's termination. See Burdine, 450 U.S. at 254.
 
 
 13
 Although Stojanowski alleges that the Commission discriminated against her in that it did not in fact consider her mitigating factor of coercion, the district court found that, while such consideration may have been cursory, it satisfied the Commission's duty to Stojanowski. This finding should not be misconstrued to mean that either the district court or this Court condones the type of behavior that Stojanowski alleges her superior officers engaged in. Whether their behavior constituted sexual harassment cognizable under Title VII, however, is not before this Court; we may only consider whether the actions of the Commission, acting for Metro in Stojanowski's termination appeal, violated Title VII through disparate treatment on the basis of sex. We determine that the district court was not clearly erroneous in holding that the Commission and Metro did not treat Stojanowski differently because of her sex.
 
 IV
 
 14
 Accordingly, we AFFIRM the district court's judgment for the defendant-appellee on both issues.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation